|  |  |
|---|---|
|  | IN THE CIRCUIT COURT OF THE 4TH JUDICIAL CIRCUIT IN AND FOR CLAY COUNTY, FLORIDA |
| MICHAEL ADAMS, | CASE NO.: 2025CA000559 |
| Plaintiff, |  |
| vs. |  |
| CIRCLE K STORES INC., AND JANE DOE, as Manager, |  |
| Defendants. _____/ |  |

## COMPLAINT

Plaintiff, MICHAEL ADAMS, brings this action against Defendant, CIRCLE K STORES INC., and JANE DOE, as Manager, and alleges as follows:

### COMMON ALLEGATIONS

1. This is an action for damages in excess of Fifty-Thousand Dollars ($50,000.00).

2. At all times material hereto, Plaintiff, MICHAEL ADAMS, is an individual residing in Clay County, Florida.

3. At all times material hereto, Defendant, CIRCLE K STORES, INC. was and is a Foreign Profit Corporation authorized to do and doing business in Clay County, Florida.

4. At all times material hereto, upon information and belief, Defendant, JANE DOE, is an individual residing in Clay County, Florida.

5. Venue is proper in Clay County as the subject incident took place therein.

6. On or about February 14, 2025, Defendant owned maintained and/or controlled the Circle K store located at 338 College Drive, Orange Park, Clay County, Florida.

7. On the above date and time, the Plaintiff, MICHAEL ADAMS, was a business invitee on the Defendant's property and lawfully on the premises.

8. At the aforedescribed time and place, the Plaintiff, while exercising due care and caution for his own safety, was at the aforedescribed premises of the CIRCLE K store when he was caused to slip and fall to the floor due the careless and negligent manner in which the ground at or near the store's entrance was maintained. Specifically, based on information and belief, Plaintiff slipped and fell due to Defendant's failure to provide a designated pedestrian walkway that serves as a means of egress that has an actual slip resistance that meets the required slip resistance under wet conditions. The Plaintiff slipped and fell due to the unmarked and hazardous yellow painted asphalt surface of Defendant's premises due to the ground being wet and improper slip resistant on the yellow painted area.

## COUNT I: NEGLIGENCE AGAINST CIRCLE K STORES INC.

Plaintiff re-adopts and re-alleges each and every allegation contained in Paragraphs 1 through 8 as if they were fully set forth herein and further alleges:

9. At all times material hereto, the Defendant, CIRCLE K STORES INC., by and through its agents, employees and/or servants, owed the Plaintiff a duty of reasonable care to maintain the grounds in a condition reasonably safe for their intended uses and free from all conditions which would render them dangerous and unsafe for the Plaintiff, and/or present an unreasonable risk of harm to him in his lawful use of the same.

10. The Defendant, CIRCLE K STORES INC., owed the Plaintiff a duty to warn him of the aforedescribed dangerous and unsafe condition which led to Plaintiff's incident.

11. The Defendant, CIRCLE K STORES INC., by and through its employees and/or agents, breached its duty of care to the Plaintiff, by committing one or more of the following

negligent acts of commission and/or omission which proximately caused injury to the Plaintiff as hereinafter alleged more fully:

a. The Defendant failed to properly maintain and examine the grounds of the premises at or near the store's entrance to make sure they were safe and free from substances, transitory foreign objects and/or other debris, and had proper slip resistance on painted areas;

b. Had Defendant exercised reasonable care in the maintenance of the grounds of the premises at or near the store's entrance, it would have discovered the dangerous condition on its premises;

c. The Defendant failed to utilize reasonable care in the design, planning, inspection, and maintenance of said premises, particularly the grounds near the entrance at the subject location;

d. The Defendant failed to warn the Plaintiff of the dangerous condition it knew or should have known existed on the grounds of the premises; and

e. The aforedescribed dangerous condition was a regular, reoccurring, and ongoing condition; therefore, Defendant knew, or in the exercise of reasonable care, should have known of the aforedescribed dangerous and hazardous condition.

  f. Other acts yet unknown.

  12. The Defendant's aforedescribed acts of negligence proximately caused the injuries sustained by the Plaintiff.

  13. As a direct and proximate result of the Defendant's negligence, the Plaintiff has been forced to incur medical bills, has suffered bodily injury resulting in severe physical pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of preexisting injuries, if any, and loss of the ability to earn wages. The injuries sustained by Plaintiff, MICHAEL ADAMS, are permanent within a reasonable degree of medical probability, and continuing in nature and Plaintiff will continue to suffer such losses in the future.

  WHEREFORE, Plaintiff, MICHAEL ADAMS, demands judgment against Defendant, CIRCLE K STORES INC., for damages, property damage, costs, and any other relief this Court may deem appropriate. ***Trial By Jury is demanded of all issues so triable by right.***

**COUNT II: NEGLIGENCE AGAINST JANE DOE**

  Plaintiff re-adopts and re-alleges each and every allegation contained in Paragraphs 1 through 8 as if they were fully set forth herein and further alleges:

  14. At all times material hereto, Defendant, JANE DOE, the manager of the Defendant's Circle K store, identified in Paragraph 6, was in control of and responsible for the subject area of the premises.

  15. The Defendant JANE DOE, as manager of the store identified in paragraph 6, owed to the Plaintiff a duty of reasonable care to maintain the subject area of the store in a condition reasonably safe for their intended uses and free form all conditions which would render

**Workman Injury Law, PLLC**
633 S Andrews Ave Ste 401 • Fort Lauderdale, FL 33301
Phone: 954-361-3997 • Fax: 689-202-1065

them dangerous and unsafe for the Plaintiff, or present an unreasonable risk of harm to her in her lawful use of the same.

16. As such, at all material times, said manager owed a duty of reasonable care to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises.

17. The aforesaid manager's duty to maintain the premises in a reasonably safe condition included reasonable efforts to keep the premises free from areas on the ground with hazardous and improper slip resistance that might foreseeably give rise to loss, injury, or damage.

18. Further, being in control of the aforedescribed subject area of aforesaid store, Defendant, JANE DOE, owed a duty to the Plaintiff, and other business invitees on the premises, to exercise reasonable care to maintain the aforesaid premises in such manner as to avoid injury or damages to business invitees, such as Plaintiff, MICHAEL ADAMS, as a result of a hazardous and improper slip resistance on the ground of said store.

19. Defendant store manager, JANE DOE, negligently failed to exercise reasonable care relating to the subject area of the store while under her control in that she failed to take reasonable precautions to maintain said premises in a safe condition.

20. Among the duties of Defendant, JANE DOE, as being the person in control of the subject area in or around the store, was to: a) conduct, personally or through those under her control, reasonable periodic inspections, at reasonable intervals, to discover and to remove hazardous conditions, such as improper slip resistance on the ground of said premises, and to replace or remove such hazardous conditions prior to business invitees being injured thereby;

and b) to so arrange signs and products for sale such as not to distract the attention of persons, such as Plaintiff, MICHAEL ADAMS, while entering or exiting at said premises.

21. Notwithstanding that there were located in and around said store overhead cameras to maintain constant or periodic view of said store, including the area in or around the subject area outside the store, some or all of said cameras were without necessary film or were not in working order, so that dangerous conditions could and would be timely viewed if the cameras were viewed as they were intended, which was one of the responsibilities of Defendant, JANE DOE, during the period that she was in control of said store, and which duty she failed to perform.

22. Had such duty as aforestated been performed, the dangerous condition which caused Plaintiff, MICHAEL ADAMS, to slip and injure himself would have been observed in time to have been corrected.

23. Further, although Defendant, CIRCLE K STORES INC., furnished to Defendant, JANE DOE, a training video directing the manner and time for performing ordinary general maintenance of the premises, that video did not address periodic inspections to discover and correct dangerous conditions in and around said store, such as the condition which caused Plaintiff, MICHAEL ADAMS, to slip and injure himself; that aspect of maintenance and care having been the responsibility of the individual in control of said premises, to wit: Defendant, JANE DOE, at the time of the subject accident. Defendant, JANE DOE, being then in control of said premises, failed to perform such duty in that he failed to inspect and discover, the dangerous condition which caused Plaintiff, MICHAEL ADAMS, to slip and injure himself.

24. But for the negligent failure of Defendant, JANE DOE, to perform such duties and responsibilities, the Plaintiff would not have injured himself, as aforesaid.

25. As a direct and proximate result of Defendant JANE DOE's negligence, the Plaintiff, MICHAEL ADAMS, suffered bodily injury and resulting pain, suffering, disability, aggravation of pre-existing conditions, mental anguish, loss of capacity for the enjoyment of life, loss of earnings or earning ability, medical expenses and other expenses. The injuries sustained by Plaintiff are permanent within a reasonable degree of medical probability, and continuing in nature and Plaintiff will continue to suffer such losses in the future.

WHEREFORE, Plaintiff, MICHAEL ADAMS, demands judgment against Defendant, JANE DOE for damages, costs, and any other relief this Court may deem appropriate. ***Trial By Jury is demanded of all issues so triable by right***

In Compliance with Rule 2.516 all pleadings in this cause shall be served on the undersigned by E-mail to devon@workmaninjurylaw.com and pleadings@workmaninjurylaw.com.

DATED this 9th day of June, 2025.

> Workman Injury Law, PLLC
> Attorney for Plaintiff
> 633 S Andrews Ave Ste 401
> Fort Lauderdale, FL 33301
> Tel: (954) 361-3997 / Fax: (689) 202-1065
> E-Mail:  devon@workmaninjurylaw.com
>           pleadings@workmaninjurylaw.com
>
> By:   */s/ Devon Workman*
>         DEVON WORKMAN, ESQ.
>         FBN 1004245
> By:   */s/ Kristin Miller Grant*
>         KRISTIN MILLER GRANT, ESQ.
>         FBN 70002